ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOSHUA FRIEDMAN
*Assistant Corporation Counsel*
Tel.: (212) 356-2368
Fax: (212) 356-3509
jofriedm@law.nyc.gov

September 14, 2016

**BY HAND**
Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: O'Neil Gomez v. City of New York, et al., 13-CV-1822 (VSB)(RLE)

Your Honor:

I am the Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above referenced matter. For the reasons set forth below, defendants, once again, write seeking to dismiss this case for failure to prosecute as plaintiff has repeatedly failed to comply with several Court Orders regarding curing discovery deficiencies. See Dkt. Nos. 70, 76 and 80.

By way of background, on June 6, 2016 defendants first requested a pre-motion conference seeking to dismiss this case for failure to prosecute as plaintiff failed to cure several discovery deficiencies. See Dkt. No. 70. Plaintiff failed to appear at said conference scheduled for June 13, 2016. See Dkt. No. 72. The Court then ordered plaintiff to cure all discovery deficiencies by June 27, 2016. See Dkt. No. 74. On July 13, 2016, plaintiff had still not cured the outstanding deficiencies and so defendants again moved to compel. See Dkt. No. 76. The Court ordered plaintiff to show cause why he should not be sanctioned for repeated failure to cure discovery deficiencies and the case should not be dismissed for failure to prosecute. See Dkt. No. 77. Plaintiff never responded. Due to plaintiff's failure to respond or cure the deficiencies, the Court ordered defendants to file their Motion to Dismiss for Failure to Prosecute by August 29, 2016 (which defendants did file timely). See Dkt. Nos. 79 and 80. The Court ordered plaintiff respond to defendants' motion by September 12, 2016. However, plaintiff has not timely responded and should now be precluded from filing any response.

Accordingly, this case should be dismissed for failure to prosecute.

Sincerely,

Joshua Friedman
Assistant Corporation Counsel
Special Federal Litigation Division

Cc (by ecf)
Richard Darius Borzouye, Esq.